UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 SEP 13 AM 8:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

BARBARA S. JEFFCOAT, )
SUSAN S. MORRIS, )
 )
    Plaintiffs, )
 )
vs. ) Civil Action No. CV-00-S-2245-NE
 )
CITY OF HUNTSVILLE, )
BONNIE MACIORSKI, )
TIMOTHY WILLIS, )
 )
    Defendants. )

ENTERED
SEP 13 2000

MEMORANDUM OPINION

This action is before the court on the motion of defendants Bonnie Maciorski and Timothy Willis to dismiss plaintiffs' complaint or, in the alternative, to require plaintiffs to file a more definite statement of their federal constitutional claims. Upon consideration of the motion, pleadings, and defendants' brief, the court concludes it would not be aided by oral argument. **Accordingly, this matter is removed from the docket of those cases scheduled for argument of pending motions** originally scheduled for September 13, 2000, but canceled due to the death of Senior United States District Judge Seybourn Harris Lynne.

I. STANDARD OF REVIEW

Generally, a court may dismiss a complaint for failure to state a claim upon which relief can be granted "only if it is clear

that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). In assessing the merits of the motion, the court must "accept as true all well-pleaded factual allegations and ... view them in a light most favorable to the nonmoving party." *Williams v. City of Montgomery*, 21 F.Supp.2d 1360, 1363 (M.D. Ala. 1998); *see also Deerman v. Federal Home Loan Mortgage Corporation*, 955 F. SUPP. 1393, 1397 (N.D. Ala. 1997) ("The court must take factual allegations as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.") (citing *In re Johannessen*, 76 F.3d 347, 350 (11th Cir. 1993)). Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion generally are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

This low bar has been raised, however, with respect to claims based upon 42 U.S.C. § 1983. *See, e.g., GJR Investments, Inc. v.*

2

*County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998).

> [W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing [his, her, or] its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out [his, her, or] its claim. ... Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

*Id.* at 1367 (citations omitted).

In actions bottomed upon section 1983,[1] state or municipal governmental officials performing discretionary functions may avoid liability when sued in their individual capacity by showing entitlement to "qualified immunity." This immunity obtains "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

---

[1] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

would have known." *Hartley v. Parnell*, 193 F.3d 1263, 1268 (11th Cir. 1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).

Qualified immunity is much more than simply a defense to liability; indeed, the doctrine "provides the right not to be burdened by trial." *Tinney v. Shores*, 77 F.3d 378, 380 (11th Cir. 1996). Qualified immunity is construed broadly. It "gives ample room for mistaken judgments by protecting all but the plainly incompetent and those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) (internal quotations omitted).

Qualified immunity is a question of law. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 8.6.3, at 478 (2d ed. 1994). A district court should determine whether a defendant is entitled to qualified immunity at an early stage in the proceedings, and "discovery should be allowed only if the court finds that the officers' conduct violated a clearly established right." *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991)).

Determination of a particular defendant's entitlement to qualified immunity depends on analysis of two separate issues.

4

Courts must first decide whether the plaintiff has stated a claim for the deprivation of a federal constitutional or statutory right. Only then should a court address whether the law was clearly established. See *County of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S.Ct. 1708, 1714 n.5, 140 L.Ed.2d 1043 (1998); *Siegart*, 500 U.S. at 232, 111 S.Ct. at 1793). The court addresses each of these issues below.

## II. DISCUSSION

### A.   Were Plaintiffs Deprived of a Constitutional Right?

Plaintiffs' claims arise out of alleged violations of their Fourteenth and Fourth Amendment rights. Plaintiffs assert that defendants, while acting under color of state law, used excessive force and unlawfully seized them. (*See* Complaint ¶¶ 49 & 55.) The facts bearing upon these contentions, read in the light most favorable to plaintiffs, are summarized below.

Plaintiffs Barbara Jeffcoat and Susan Morris were traveling east on Interstate 565 in Huntsville, Alabama when they were pulled over by defendant Bonnie Maciorski, an officer of the City of Huntsville Police Department. (*Id.* ¶ 8.) Officer Maciorski, while being assisted by Officer Timothy Willis, arrested Jeffcoat for DUI and resisting arrest, and, Morris for resisting arrest. (*Id.*)

Plaintiffs allege that, when effecting such arrests, both defendants "used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest." (*Id.* ¶ 48.) Plaintiffs also claim that these arrests were made without probable cause and, therefore, violated their Fourth Amendment rights to be free from unreasonable search and seizure. (*Id.* ¶ 55.) Plaintiffs further allege that defendants Maciorski and Willis "did not have an objective, good-faith belief that plaintiffs were guilty of the offenses charged." (*Id.*)

### 1. Fourteenth Amendment Due Process Claims

Plaintiffs claim that their arrests violated their rights to due process of law under the Fourteenth Amendment. The facts alleged do not support such a claim.

The Fourteenth Amendment of the United State Constitution protects against state actions that "deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1. Protection under the Due Process Clause of the Fourteenth Amendment is of two types: 1) substantive due process; and 2) procedural due process. Substantive due process institutes heightened judicial review of state actions that deprive a person of a "fundamental right." *See McKinney v. Pate*, 20 F.3d 1550, 1556

(11th Cir. 1994), *cert. denied sub nom. McKinney v. Osceola County Bd. of County Com'rs*, 513 U.S. 1110, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). Procedural due process, on the other hand, insures that an individual who has been deprived of "life, liberty, or property" has received constitutionally adequate procedures pursuant to the deprivation. *See id.* at 1561. Plaintiffs do not specify whether they are alleging substantive due process violations or procedural due process violations. Such failure of specification ultimately is of no consequence, because the facts alleged are not sufficient to state a claim for violation of either. Plaintiffs only claim to have been seized without probable cause, and, to have been subjected to excessive force. They neither claim infringement upon a fundamental right, nor inadequate procedures in the deprivation of "life, liberty, or property." The right to be free from unreasonable search and seizure, and the right to be free from excessive force, are both properly grounded upon the Fourth Amendment. *See Tinney v. Shores*, 77 F.3d. 378, 381 (11th Cir. 1996).

Here, plaintiffs allege the same facts to support their substantive due process and procedural due process claims. Because they have failed to allege infringement of a fundamental right, or

7

an inadequate postdeprivation remedy, the court finds that any Fourteenth Amendment due process claims are not adequately pled and, thus, are due to be dismissed. Furthermore, the court finds that any alleged due process violations bottomed upon the unreasonable search and excessive force claims are due to be dismissed as more appropriately founded upon the Fourth Amendment.

2.  **Fourth Amendment rights**

Plaintiffs assert that defendants violated plaintiffs' Fourth Amendment rights when they subjected plaintiffs to unreasonable seizure and excessive force. To establish a Fourth Amendment violation based on unreasonable seizure, plaintiffs must allege that they were seized without justification. *See United States v. Mendenhall*, 446 U.S. 544, 551, 100 S.Ct. 1870, 1875, 64 L.Ed.2d 497 (1980).

To establish a Fourth Amendment violation based on unreasonable force, plaintiff must allege: (1) in using force, the defendant "seized" plaintiff, within the meaning of the Fourth Amendment; and (2) that the force applied by defendant was objectively unreasonable. *See Graham v. Connor*, 490 U.S. 386, 395-96, 109 S.Ct. 1865, 1871-72, 104 L.Ed.2d 443 (1989). In *Graham*, the Supreme Court emphasized that the test for objective

unreasonableness is fact-intensive, and that courts should look at such factors as the following: "the severity of the crime at issue, whether [plaintiff] poses an immediate threat to the safety of others, and whether [plaintiff] is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396, 109 S.Ct. at 1872. A showing of bad faith on the part of the defendant is not required. See id. at 397, 109 S.Ct. at 1872.

Here, plaintiffs were arrested and transported to the City of Huntsville Police Department, where they were detained for approximately eight hours. Plaintiffs assert their seizure was unreasonable because it was not based upon "an objective, good-faith belief that plaintiffs were guilty of the offenses charged." (Complaint ¶ 55.) They also allege that they were subjected to "excessive force with the intent to inflict unnecessary harm upon the plaintiffs and such use of force caused physical and mental injuries to the plaintiffs." (Id. ¶ 49.) Plaintiffs have addressed the elements of a claim for unreasonable seizure with excessive force. Therefore, this court finds that Defendants' motion to dismiss plaintiffs' Fourth Amendment claims is due to be denied.

9

### B.  Was the Law Clearly Established?

As stated earlier, however, state officials like defendants are "entitled to qualified immunity if [their] conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Smith v. Mattox*, 127 F.3d 1416, 1419 (11th Cir. 1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).  In *Smith*, the Eleventh Circuit elaborated on the "clearly established" portion of the qualified immunity standard:

> A reasonable official's awareness of the existence of an abstract right, such as a right to be free of excessive force, does not equate to knowledge that *his* conduct infringes the right.  Thus, "[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant."  Fourth Amendment jurisprudence has staked no bright line for identifying force as excessive.  Therefore, unless a controlling and factually similar case declares the official's conduct unconstitutional, an excessive-force plaintiff can overcome qualified immunity only by showing that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw.

*Smith*, 127 F.3d at 1419 (emphasis in original); *see also Post v. City of Fort Lauderdale*, 7 F.2d 1552, 1559 (11th Cir. 1993) (in analyzing whether force employed by police officer was excessive, court should focus on "the need for force, the amount of force

used, and the injury inflicted").

It presently is impossible to determine from the allegations of plaintiffs' complaint whether defendants violated clearly established law. Plaintiffs have not pled detailed facts as to why the defendants should not be entitled to the defense of qualified immunity. They have only pled conclusory allegations. Because plaintiffs' complaint does not meet the heightened pleading requirements for actions grounded on § 1983, the court finds the alternative aspect of defendants' motion, for a more definite statement, is due to be granted.

An appropriate order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the  12th  day of September, 2000.

                                                                     _____
                                                                    United States District Judge